IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-54-D

JOSEPHINE COLE WILLIAMS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
N.C. ADMINISTRATIVE OFFICE OF THE )
COURTS, et al., )
)
Defendants. )

On April 28, 2017, Josephine Cole Williams ("Williams" or "plaintiff") filed a pro se complaint against the North Carolina Administrative Office of the Courts, Sara Beth Fulford Rhodes, Clerk of Superior Court for Pitt County ("Rhodes"), and Katheryn Watson, Assistant Clerk of Superior Court for Pitt County ("Watson") (collectively "defendants") seeking relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213. See Compl. [D.E. 1] 1, 4. On June 20, 2017, defendants moved to dismiss the complaint pursuant to Rules 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure [D.E. 18] and filed a supporting memorandum [D.E. 19]. On August 14, 2017, Williams responded in opposition [D.E. 24]. On September 14, 2017, Williams moved for leave to amend her complaint and filed a memorandum in support [D.E. 26]. On September 22, 2017, Williams filed a second motion for leave to amend her complaint [D.E. 27], and on September 29, 2017, Williams filed a corrected motion to amend her complaint [D.E. 28]. On October 12, 2017, defendants responded in opposition to Williams's motions to amend her complaint [D.E. 30]. As explained below, defendants' motion to dismiss for failure to effect service is granted, and Williams's motions to amend her complaint are denied as futile.

I.

In 2007, Williams began working in the Pitt County Clerk of Superior Court Office. See Compl. [D.E.1] ¶ 6. In 2007, Williams hurt her back in a car accident. See id. ¶ 8. In 2010, Williams received a new job assignment and started to have back pain due to her job duties, which required her to stand, bend, stoop, lift, push, and pull. See id. ¶¶ 10–11. Williams obtained a letter from an assistant nurse practitioner advising Williams to move to a more sedentary position, to wear athletic shoes to work, and to use an ergonomic chair. See id. ¶ 12; Ex. A [D.E. 1-1]. Williams provided the letter to Rhodes and requested the accommodations. See Compl. ¶ 13. Upon request from Rhodes, Williams also obtained a note from a physician. See id. ¶¶ 13–14; Ex. B [D.E. 1-2]. Rhodes then told Williams that in order to obtain an accommodation she would need a letter from a specialist. See Compl. ¶ 15. Williams's employer never gave her the requested accommodations. See id. ¶ 16. On July 21, 2010, Williams informed Watson that her workstation at the public counter was causing her problems and that she would like to move to another position in the office. See id. ¶ 18. Watson denied the request. See id. On July 30, 2010, Ford Heath, a Judicial Branch Risk Manager for the N.C. Administrative Office of the Courts, evaluated Williams's workstation. See id. ¶ 19. Several months later, Williams informed Heath that she wanted to file a workers' compensation claim, and Williams was moved to a different workstation and permitted to sit for three hours per day. See id. ¶ 20.

On October 17, 2011, Williams met with Rhodes and Watson, and they told her not to speak about her back issues in the office anymore because her comments were causing a negative work environment. See id. ¶ 22. On December 7, 2011, Williams filed a grievance with the Administrative Office of the Courts for workplace harassment and a hostile work environment under Title VI and VII of the Civil Rights Act of 1964. See id. ¶ 23; Ex. F [D.E.1-6]. The grievance did

2

not concern alleged disability discrimination. See Ex. F [D.E. 1-6]. On June 5, 2013, Williams had foot surgery and was placed on "light duty" for two to three weeks. See Compl. ¶ 23. On July 3, 2014, pursuant to her doctor's instructions, Williams took leave for lower back pain. See id. ¶ 24. On July 21, 2014, Williams returned to work. See id. On September 25, 2014, pursuant to her doctor's instructions, Williams took leave for lower back pain, and was scheduled to return on October 29, 2014. See id. ¶ 26. Williams did not, however, return to work on October 29, 2014. Id. Instead, she scheduled back surgery for November 18, 2014. See id. After the November 18, 2014 surgery, Williams was "confined to the house" for six months. See id. ¶ 27. Williams did not return to work during 2015, and on November 20, 2015, she had a second back surgery. See id. ¶ 28. This surgery left her confined to the house for six more months. See id. On June 9, 2016, defendants terminated Williams's employment because she was unable to return to work. See id. ¶ 29. On April 28, 2017, Williams filed this complaint alleging that defendants' failure to accommodate violated the ADA. See id. ¶¶ 32–35.

II.

As for the defendants' motion to dismiss based on improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), Federal Rule of Civil Procedure 4 describes the procedure for properly effecting service of a summons. See Fed. R. Civ. P. 4. If a plaintiff fails to properly effect service of process within 90 days of filing the complaint, the court must dismiss the action without prejudice, unless the plaintiff can show good cause for the failure to properly serve the defendants. Fed. R. Civ. P. 4(m). However, "[p]ro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." Hansan v. Fairfax Cty. School Bd., 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam) (unpublished). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of

3

personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir.1998). When proper service of process is contested, plaintiff must prove proper service. See Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (unpublished); Reale v. Wake Cty. Human Servs., No. 5:11–CV–682–D, 2013 WL 2635181, at *1 (E.D.N.C. June 12, 2013) (unpublished).

Williams failed to properly serve all three defendants. The N.C. Administrative Office of the Courts is a state agency and should be served in accordance with Rule 4(j)(2). Rule 4(j)(2)(B) requires that a state-created governmental organization be served by, "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). Rule 4(j)(4) of the North Carolina Rules of Civil Procedure details the requirements for serving process on a state agency. See N.C. Gen. Stat. § 1A-1, Rule 4(j)(4). A state agency can be properly served

> by personally delivering a copy of the summons and of the complaint to the process agent appointed by the agency in the manner hereinafter provided; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to said process agent; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the process agent, delivering to the addressee, and obtaining a delivery receipt.

Id. Rule 4(j)(4)(a). State agencies are responsible for appointing a process agent and filing the name and address of the agent with the Attorney General. See id. 4(j)(4)(b). If a state agency fails to designate a process agent, service may made upon the agency by serving the Attorney General or a deputy or assistant attorney general. See id. 4(j)(4)(c). The N.C. Administrative Office of the Courts has designated Jonathan R. Harris, General Counsel, as its process agent. See North Carolina Department of Justice, Process Agent Directory (last visited Dec. 28, 2017); [D.E. 19] 6. Williams did not properly serve Harris on behalf of the N.C. Administrative Office of the Courts. Indeed,

4

Williams admits that she failed to properly serve the N.C. Administrative Office of the Courts. See [D.E. 24] ¶ 1; [D.E. 24-1] 2.

Williams's service of process also was deficient because she personally sent the defendants a copy of the summons and complaint via certified mail, which she attests to in the affidavits of service she filed with the court. See [D.E. 10–13]. Pursuant to the Federal Rules of Civil Procedure, a party to the case may not serve process. Rule 4(c)(2) specifically provides that, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Therefore, "[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." Constien v. United States, 628 F.3d 1207, 1213 (10th Cir. 2010); Pitts v. O'Geary, No. 5:13-CV-116-D, 2014 WL 229350, at *4 (E.D.N.C. Jan. 21, 2014) (unpublished); Knotts v. Univ. N.C. at Charlotte, No. 3:08-CV-478, 2011 WL 650493, at *8–9 (W.D.N.C. Feb. 10, 2011) (unpublished) ("Rule 4(c) deals with 'who may serve' while Rule 4(e) and Rule 4(j) deal with the method of service. Nothing in the plain language of Rule 4 or the advisory notes suggest that Rule 4(j) is meant to vitiate Rule 4(e)'s requirement that someone other than a party effect service."). Thus, the court lacks personal jurisdiction over the defendants until Williams effects proper service of process or obtains waivers of service under Rule 4(d). See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Accordingly, the court grants defendants' motion to dismiss for failure to effect service and dismisses the action without prejudice.

### III.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80, 684 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013) abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must nudge her claims beyond the realm of "mere possibility" into "plausib[ility]." Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 570.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5. "The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court

6

may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure. See Iqbal, 556 U.S. at 678–69; Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

As for the sufficiency of Williams's failure-to-accommodate claim, the ADA requires employers to "[make] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). To state a prime facie case against an employer for failure to accommodate under the ADA, a plaintiff must plausibly allege that (1) she has a disability within the meaning of the ADA; (2) the employer had notice of her disability; (3) with a reasonable accommodation, she could perform the essential functions of the position; and (4) the employer refused to make such an accommodation. See, e.g., Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013); Schneider v. Giant Of Md., LLC, 389 F. App'x 263, 267 (4th Cir. 2010) (per curiam) (unpublished); Allen v. City of Raleigh, No. 5:13-CV-522-D, 2014 WL 840735, at *4 (E.D.N.C. Mar. 4, 2014) (unpublished).

Williams alleges that, in 2010, she requested a more sedentary position, to be relieved from lifting 15 pounds or more, to be provided with an ergonomic chair, and to be allowed to wear athletic shoes to work. See Compl. [D.E. 1] ¶¶ 12, 14. Williams also alleges that defendants denied her these accommodations. See id. ¶ 16. In 2011, Williams requested to move to a different workstation, but defendants denied her request. See id. ¶¶ 18, 21. Williams then details a series of surgeries she underwent between June 2013 and November 2015, and her absence from work. See Compl. ¶¶ 23–28. Williams fails to allege that she requested any accommodations from June 2013

7

through her termination on June 9, 2016. Moreover, Williams does not allege that she attempted to return to work after September 15, 2014, when she took leave due to lower back pain, or that she could return to work with the requested accommodations. See id. ¶¶ 26–29. Williams then states that defendants terminated her employment on June 9, 2016. See id. ¶ 29.

In support of their motion to dismiss, defendants argue that Watson and the N.C. Administrative Office of the Courts are not proper defendants because they were not Williams's "employer" as defined by the ADA. [D.E. 19] 10–13. The ADA defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person . . . ." 42 U.S.C. § 12111(5)(A).

The court agrees that Watson (an assistant clerk of court) cannot be personally liable as Williams's "employer" under the ADA. See Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999); Lewis v. Baltimore City Bd. of Sch. Comm'rs, 187 F. Supp. 3d 588, 594 (D. Md. 2016); Roach v. Hilton World-Wide, Inc., No. 5:12-CV-309-D, 2013 WL 556195, at *3 (E.D.N.C. Feb. 12, 2013) (unpublished), aff'd, 533 F. App'x 341 (4th Cir. 2013) (per curiam) (unpublished); accord Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir.1998); Birkbeck v. Marvel Lighting Corp, 30 F.3d 507, 510–511 (4th Cir. 1994). Therefore, the court dismisses Watson as a defendant. Likewise, to the extent Williams asserts an ADA claim against Rhodes in her individual capacity, the claim fails for the same reason.

As for Williams's ADA claim against Rhodes in her official capacity as Clerk of Superior Court for Pitt County, a suit against an employee defendant in her official capacity is the same as a suit against the governmental entity employer. See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004); Walls v. Pitt Cty. Sch. Bd., No. 4:13-CV-104-D, 2014 WL 411538, at *1 (E.D.N.C. Feb. 3, 2014) (unpublished). Thus, the court construes the ADA claim against Rhodes as a claim against

her in her official capacity as Clerk of Superior Court for Pitt County. Likewise, the court construes Williams's claim against the N.C. Administrative Office of the Courts as a claim against that entity as her employer. See Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015) (permitting ADA action by deputy clerk of New Hanover County Superior Court to proceed against the N.C. Administrative Office of the Courts as plaintiff's employer).

As for Williams's ADA claim against Rhodes in her official capacity and against the N.C. Administrative Office of the Courts, the claim ekes across the line from possible to plausible. Nonetheless, if Williams does effect proper service, the court expects Rhodes and the N.C. Administrative Office of the Courts to clarify who employed Williams. The court also expects Rhodes and the N.C. Administrative Office of the Courts to clarify whether Williams filed a timely EEOC charge against her employer concerning the requested accommodations.

IV.

As for Williams's motion to amend her complaint, a party generally may amend its complaint once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). After expiration of this time period, a party may amend only with either the opposing party's written consent or the court's leave. See Fed. R. Civ. P. 15(a)(2). A court "should freely give leave when justice so requires." Id. However, a district court may deny a plaintiff's request for leave to amend the complaint when the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 439 (4th Cir. 2011). An amendment is futile if the amended complaint would fail to state a claim upon which relief can be granted. See e.g., Van Leer v. Deutsche Bank Sec., Inc., 479 F. App'x 475, 479 (4th Cir. 2012)

9

(unpublished); United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 375 (4th Cir. 2008).

Williams filed a motion and memorandum to amend her complaint [D.E. 26], a motion for leave to file an amended complaint [D.E. 27], and a corrected motion for leave to file an amended complaint [D.E. 28]. Williams wants to make two proposed amendments to her complaint. See [D.E. 26] 2. First, Williams wants to add Jonathan R. Harris as a defendant. Harris is the process agent and General Counsel for the N.C. Administrative Office of the Courts. See [D.E. 19] 6. Harris is not a proper defendant in this ADA lawsuit. See Rose, 192 F.3d at 472. Thus, this amendment is futile. Second, Williams wants to add a claim for "[retaliation] and failure to do a correct assessment." See [D.E. 27] ¶ 4. Williams's proposed amendments, however, fail to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim." Although the court must liberally construe a pro se plaintiff's complaint, the court "cannot ignore a clear failure to allege facts which set forth a claim." Johnson, 867 F. Supp. 2d at 776; see Jones v. Lexington Cty. Det. Ctr., 586 F. Supp. 2d 444, 446 (D.S.C. 2008). In Williams's first motion for leave she asserts that she would like to add a retaliation claim, and that such claim is "closely related to [the] previously asserted [claim for] failure to make reasonable accommodation[]." See [D.E. 26] 2. Williams included a proposed amended complaint and attached it as Exhibit A. See [D.E. 26-1]. In her "amended complaint" she alleges that Rhodes and Watson retaliated against her because she would not help Rhodes's campaign for clerk of court, [D.E. 26-1] ¶¶ 13, 42–44, and that the defendants discriminated and retaliated against her in violation of the ADA [D.E. 26-1] ¶ 46. She also alleges that Ford Heath, a Judicial Branch Risk Manager who performed an assessment of her workstation in 2011, failed to do a fair and complete assessment. See id. ¶ 25.

The ADA's anti-retaliation provision provides that, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203. To state a prima facie retaliation claim, a plaintiff must plausibly allege that: "(1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 154 (4th Cir. 2012).

Williams fails to plausibly allege the first and third elements. Williams only makes conclusory statements that she was "discriminated and retaliated against [] in violation of the ADA." [D.E. 26-1] ¶ 46. She fails to identify her protected conduct. To the extent she argues she was retaliated against for not helping Rhodes campaign for clerk of court, [D.E. 26-1] ¶ 42, this allegation is not "protected conduct" covered by the ADA, and it was not reasonable for Williams to believe that the ADA covered this conduct. See Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002) ("A Plaintiff need not establish that the conduct she opposed actually constituted an ADA violation. But a complainant must allege the predicate for a reasonable, good faith belief that the behavior she is opposing violates the ADA.") (citation omitted)). Williams's proposed amended complaint also fails to plausibly allege causation. Williams's allegations regarding discrimination and retaliation, including the allegations in the original complaint, concern events that occurred sometime between 2010 and 2014. See [D.E. 26-1] ¶ 11–13, 24–25, 42–46. However, Williams was terminated in June 2016, and she does not plausibly plead any connection between the events described and her discharge. See, e.g., Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (per curiam); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998); Huckelba v. Deering, No. 5:16-CV-247-D, 2016 WL 6082032, at *3

11

(E.D.N.C. Oct. 17, 2016) (unpublished). Moreover, Williams missed work for over a year before she was terminated. This time lag negates any inferences that Williams was fired because of the alleged "protected conduct." Breeden, 532 U.S. at 273–74; Hooven–Lewis v. Caldera, 249 F.3d 259, 278 (4th Cir. 2001) ("A six month lag is sufficient to negate any inference of causation."); Graves v. Bank of America, N.A., 54 F. Supp. 3d 434, 443 (M.D.N.C. 2014); Jones v. Dole Food Co., 827 F. Supp. 2d 532, 554 (W.D.N.C. 2011), aff'd, 473 App'x 270 (4th Cir. 2012) (per curiam) (unpublished).

Finally, to the extent Williams asserts a claim for "failure to do a correct assessment" in 2011, the claim fails. Accordingly, Williams's motion to amend her complaint is denied as futile.

## V.

In sum, the court GRANTS defendants' motion to dismiss for failure to effect service of process [D.E. 18] and DISMISSES the action without prejudice. The court DISMISSES with prejudice Sara Beth Fulford Rhodes and Katheryn Watson as defendants in their individual capacities. The court DENIES as futile plaintiff's motions for leave to amend her complaint [D.E. 26, 27, 28].

SO ORDERED. This 29 day of December 2017.

JAMES C. DEVER III
Chief United States District Judge